# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**JULIE MARIE PALMER,**

                Appellant,

                                                  **Case No. 10-C-574**

    -vs-

**BANK OF THE WEST,**

                Appellee.

## DECISION AND ORDER

The debtor-appellant, Julie Marie Palmer ("Palmer"), owns and operates a boat marina business called Action Marine, Inc. Palmer appeals the bankruptcy court's denial of her motion to extend the automatic stay in her second small business chapter 11 case. For the reasons that follow, the bankruptcy court's decision is affirmed.

On April 9, 2009, Palmer filed her first chapter 11 small business debtor case, No. 09-24622-jes (Bankr. E.D. Wis.) On February 3, 2010, Palmer filed her reorganization plan and disclosure statement. Various creditors objected, including the appellee, Bank of the West. On April 1, the bankruptcy court dismissed Palmer's first bankruptcy case because Palmer failed to confirm her plan within 45 days of the plan having been filed. 11 U.S.C. § 1129(e). On April 9, 2010, Palmer filed her second small business chapter 11 case, No. 10-25464-mdm (Bankr. E.D. Wis.) On April 21, Palmer moved to extend the automatic stay. Bank of the West objected to the extension. On May 6, the bankruptcy court held a hearing and issued an oral ruling that the automatic stay in 11 U.S.C. § 362(a) did not apply to Palmer's

second bankruptcy case. The bankruptcy court entered an order on May 19, a final order for purposes of the Court's appellate jurisdiction under 28 U.S.C. § 158(a). *Matter of Boomgarden*, 780 F.2d 657, 659 (7th Cir. 1985) (lifting of automatic stay is a final order for purposes of appeal); *Matter of James Wilson Assoc.*, 965 F.2d 160, 166 (7th Cir. 1992) (order refusing to lift or modify automatic stay is a final order).

The filing of a bankruptcy petition operates as an automatic stay of collection proceedings against the debtor. § 362(a). Except as provided in § 362(n)(2), the automatic stay in § 362(a) does not apply in a case in which the debtor –

> (A) is a debtor in a small business case pending at the time the petition is filed;
>
> (B) was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition;
>
> (C) was a debtor in a small business case in which a plan was confirmed in the 2-year period ending on the date of the order for relief entered with respect to the petition; or
>
> (D) is an entity that has acquired substantially all of the assets or business of a small business debtor described in subparagraph (A), (B), or (C), unless such entity establishes by a preponderance of the evidence that such entity acquired substantially all of the assets or business of such small business debtor in good faith and not for the purpose of evading this paragraph.

§ 362(n)(1). Palmer's first small business case was dismissed on April 1, 2010, which is easily within the 2-year period ending on April 9, 2010, the date of the order for relief in Palmer's second case. *In re Hoffman*, 248 B.R. 79, 83 n.4 (Bankr. W.D. Tex. 2000) (order

for relief is issued the date a voluntary petition is filed). Therefore, § 362(n)(1)(B) applies to Palmer's second bankruptcy petition, rendering the automatic stay inapplicable.

§ 362(n)(1) refers to and must be read in conjunction with § 362(n)(2). § 362(n)(2) provides that § 362(n)(1) does not apply:

> (A) to an involuntary case involving no collusion by the debtor with creditors; or
>
> (B) to the filing of a petition if –
>
>> (i) the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed; and
>>
>> (ii) it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time.

§ 362(n)(2). On appeal, Palmer argues that she can meet the requirements of § 362(n)(2)(B)(i) if she demonstrates that the filing of the petition in her second small business case resulted from circumstances that were not foreseeable at the time the first case was filed. Confusion arises from the phrase "circumstances beyond the control of the debtor not foreseeable at the time *the case then pending was filed*." § 362(n)(2)(B)(i) (emphasis added). Palmer insists that "the case then pending" refers to her first small business case. However, the plain language of this provision does not support Palmer's proposed interpretation. Instead, "the case *then* pending" refers to a separate case that *is* pending at the time the second petition is filed. Obviously, this does not apply to Palmer's situation because her first case was already dismissed by the time she filed her second case.

-3-

Reading the entirety of § 362(n)(1) and § 362(n)(2) together further demonstrates that this is the correct result. § 362(n)(2) provides that despite the four exceptions listed at § 362(n)(1)(A-D), the automatic stay applies [1] to an involuntary case involving no collusion by the debtor with creditors, § 362(n)(2)(A), or [2] to the filing of a petition if the debtor proves that it resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed, § 362(n)(2)(B)(i), and it is more likely than not that the court will confirm the plan. § 362(n)(2)(B)(ii). As discussed above, the exception which applies to Palmer's case is found at § 362(n)(1)(B) (debtor in a small business case dismissed within the last two years), but a separate exception in § 362(n)(1) refers to the situation where the debtor "*is* a debtor in a small business case *pending at the time the petition is filed*." § 362(n)(1)(A) (emphases added). § 362(n)(2)(B)(i)'s reference to a petition that is filed because of circumstances "not foreseeable at the time the case then pending was filed*"* appears to refer to a petition that is currently pending under § 362(n)(1)(A). Therefore, the language in § 362(n)(2)(B)(i) is not rendered meaningless simply because it does not apply to § 362(n)(1)(B). Congress could have been more precise in its drafting, but the foregoing construction conforms with the plain language of the statute.

The ruling of the bankruptcy court is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this   15th   day of October, 2010.

**SO ORDERED,**

  **s/ Rudolph T. Randa**
  **HON. RUDOLPH T. RANDA**
  **U.S. District Judge**